**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Encon Arizona LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Kiewit Infrastructure West Company,<br><br>        Defendant. | No. CV-19-05364-PHX-DLR<br><br>**ORDER** |

      Before the Court is Defendant/Counterclaimant Kiewit Infrastructure West's ("Kiewit") Motion to Amend Findings and Judgment, or Alternatively, Motion for New Trial on Issues Presented. (Doc. 161.) The motion is fully briefed (Docs. 164, 165), and the Court finds oral argument unnecessary. As explained below, the motion is granted.

      After issuing its findings of fact and conclusions of law following a bench trial, the Court granted in part Kiewit's motion to set aside or amend certain findings of fact and conclusions of law. The Court directed Plaintiff/Counter-defendant, Econ Arizona, LLC, dba TPAC ("TPAC") to submit a proposed form of judgment. The Court accepted and entered the proposed form of judgment submitted by TPAC. Kiewit's motion challenges three aspects of that judgment: (1) the inclusion of Traveler's Surety as a party to the judgment; (2) an award of prejudgment interest and (3) the determination that TPAC was the prevailing party.

      Regarding the inclusion of Travelers as a party to the judgment, Kiewit rightfully

1  notes that in the Joint Pretrial order (Doc. 105 at 32), the parties agreed that the claims
2  against and defenses of the third-party sureties would be reserved and those clams and
3  defenses—and the sureties themselves—could be excluded from the trial between Kiewit
4  and TPAC. As agreed by the parties in the Joint Pretrial order, there were no issues of
5  surety bond claim or defenses presented at trial. There is no basis for including Travelers
6  Surety as a party subject to judgment. The Court erred in entering the proposed order
7  including Travelers Surety in the judgment.

8  Regarding the award of pretrial interest, Kiewit rightfully notes that the only basis
9  for a finding of pretrial interest would be A.R.S. § 44-1201(B) because prejudgment
10 interest was not provided in the Material Contract. Prejudgment interest is awarded under
11 that statute only for liquidated damages. The party seeking prejudgment interests bears the
12 burden of proof. *Black Gold Coal v. Shawville Coal Co.*, 730 F.2d 941, 944 (3rd Cir.
13 1984). Kiewit did not waive its right to contest prejudgment interest. A waiver cannot be
14 found from the fact that TPAC referred to prejudgment interest in its pleadings and post-
15 trial filings.

16 Whether the damages awarded TPAC, for which it seeks prejudgment interest, were
17 liquidated was never litigated nor decided by the Court. The Court did not consider or
18 determine what, if any, of the damages awarded to TPAC were liquidated. Kiewit's motion
19 and its reply list several facts in the record that suggest TPAC's claim was not liquidated.
20 Necessary factual findings have not been made one way or the other. Although both
21 TPAC's closing argument (Doc. 139) and its proposed findings of fact and conclusions of
22 law (Doc. 140) raise the issue of prejudgment interest, no facts are argued or proposed that
23 show that the damages were liquidated in support of the claim for prejudgment interest.
24 The Court erred in entering the proposed judgment to include prejudgment interest.

25 Regarding the finding that TPAC was the prevailing party, that issue is fully briefed
26 by TPAC in its Motion for an Award of Attorney Fees (Doc. 157) and by Kiewit in its
27 response to TPAC's motion (Doc. 159). The Court has not yet ruled on that motion, and
28 therefore has not determined who (if anyone) is the prevailing party. There was no basis

for TPAC to preemptively be declared the prevailing party. This issue will be determined when the Court rules on TPAC's motion for attorney fees. The Court erred entering the proposed order declaring TPAC the prevailing party.

**IT IS ORDERED** that Kiewit's Motion to Amend Findings and Judgment (Doc. 161) is **GRANTED**.

**IT IS FURTHER ORDERED** that TPAC shall submit a proposed amended Findings and Judgment in conformance with the rulings herein within 7 days of the date of this order.

Dated this 13th day of May, 2024.

Douglas L. Rayes
United States District Judge